Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **2M RESEARCH SERVICES LLC and** | § | **CASE NO. 23-40271-11** |
| **MARCUS E. MARTIN,** | § | **Chapter 11** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

## <u>FIFTH AMENDED JOINT PLAN OF REORGANIZATION</u>

      2M Research Services, LLC and Marcus E. Martin, debtors in the above jointly administered bankruptcy cases (collectively referred to as "Debtors"), propose the following *Fifth Amended Joint Plan of Reorganization* (the "Plan"), pursuant to Chapter 11 of the United States Bankruptcy Code.

## TABLE OF CONTENTS

ARTICLE I - DEFINITIONS AND USE OF TERMS ................................................................. 3

ARTICLE II – SUMMARY OF THE PLAN ............................................................................. 6

ARTICLE III - GENERAL TERMS AND CONDITIONS ......................................................... 6

ARTICLE IV - DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS..................... 7

ARTICLE V- TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN ................ 8

ARTICLE VI - MEANS FOR IMPLEMENTATION OF PLAN ................................................ 20

ARTICLE VII - TREATMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES ........................................................................ 21

ARTICLE VIII - ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS ........ 21

ARTICLE IX - EFFECT OF CONFIRMATION .......................................................................... 22

ARTICLE X - MISCELLANEOUS PROVISIONS..................................................................... 23

ARTICLE XI - MODIFICATION OF THE PLAN ..................................................................... 25

ARTICLE XII - RETENTION OF JURISDICTION ................................................................... 25

Exhibit 1 – Amended Projections

Exhibit 2 – Stipulation Resolving Treatment of Claim in Chapter 11 Plan

# ARTICLE I
## DEFINITIONS AND USE OF TERMS

**Defined Terms**.  Unless the context otherwise requires, capitalized terms shall have the meanings set forth in this section 1.01.

"**Administrative Expense Claim**" or "Administrative Claim" means an administrative expense described in Bankruptcy Code § 503 and entitled to administrative priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to, Fee Claims.

"**Allowed Amount**" means the amount of any Allowed Claim.

"**Allowed Claim**" means a Claim against a Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no superseding Proof of Claim has been filed and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

"**Assets**" means property of the Estates of the Debtors.

"**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, Debtor, or other appropriate party in interest would be able to assert on behalf of the Estate under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

"**Bankruptcy Case**" or "**Case**" means each of the bankruptcy cases filed by the Debtors in this jointly administered bankruptcy case, as stated on pages 1 and 2 of this Plan.

"**Bankruptcy Code**" or "**Code**" means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

"**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtors pursuant to Chapter 11 of the Bankruptcy Code.

"**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended, and "**Bankruptcy Rule**" refers to a specific rule therein.

"**Bar Date**" means the deadline established in each Case by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

"**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

"**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

"**Claimant**" or "**Creditor**" means the holder of a Claim.

"**Class**" means any class into which Claims or Interests are classified pursuant to the Plan. Each subclass of a class shall be treated as a separate class.

"**Collateral**" means the real or personal property securing a Secured Claim.

"**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

"**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

"**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Plan Proponent will seek Confirmation of this Plan.

"**Confirmation Order**" means the Order confirming this Plan.

"**Contested**" when used with respect to a Claim, means a Claim against a Debtor: (i) that is listed in the Debtors' Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (ii) that is listed in the Debtors' Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

"**Debtors**" mean 2M Research Services, LLC and Marcus E. Martin. Where the context so requires, "Debtors" shall also include the Reorganized Debtors as the exist after Confirmation.

"**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor or any other party in interest and has not been resolved by Final Order; or (ii) a Claim that is listed on the Debtors' bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

"**Effective Date**" means the thirtieth day after the Confirmation Date.  The Plan shall not be effective until the delinquent post-petition taxes owed to the IRS, in the amount of $64,804.08 for the second quarter of 2023, a balance due of $5,980.61 for the third quarter of 2023, and $3,430.51 for the fourth quarter of 2024, are paid in full.  The foregoing portion of IRS's Allowed Administrative Claim is due on or before September 6, 2024.   If such payments are not completed by this date,  the IRS may notice a default under the Plan and the Plan will not take effect

"**Equity Interest**" means any equity or ownership interest in the Debtors.

"**Estate**" means the bankruptcy estates of the Debtors in this Case.

"**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

"**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

"**Final Order**" means an Order as to which the time for appeal has expired, or an Order that has been appealed but not stayed by the Court pending appeal and for which no motion to stay pending appeal is pending, or an Order that has been appealed and finally resolved in the appellate Court.

"**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

"**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

"**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, statutory lien, security interest, deed of trust, mortgage and property tax lien.

"**Order**" means an Order of the Bankruptcy Court.

"**Petition Date**" means the dates on which each of the Debtors filed their bankruptcy petitions.

"**Plan**" means this *Joint Plan of Reorganization*, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

"**Priority Claim**" means an Unsecured Claim entitled to priority under Bankruptcy Code § 507(a).

"**Pro Rata**" shall have its common meaning, i.e., the proportionate share of a Claimant in a fund based on the amount of the Claimant's Allowed Claim in relation to other Claims sharing in the fund.

"**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in each of the Debtors' Cases and conforming substantially to the appropriate official form.

"**Reorganized Debtors**" means the Debtors as they exist after the Effective Date of the Plan.

"**Schedules and Statements**" means each of the Debtors' bankruptcy schedules A/B, D-H and their Statements of Financial Affairs.

"**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code § 506(a). Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and a general Unsecured Claim for the remainder, pursuant to Bankruptcy Code § 506(d).

"**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

**ARTICLE II**
**SUMMARY OF THE PLAN**

**2.01**    The Plan is a joint plan of reorganization filed by the Debtors to provide for the reorganization of both Debtors. The Debtors intend to continue their businesses after the Confirmation Date. Marcus Martin ("Martin") founded 2M Research Services, LLC ("2M") in 2011 as a Texas limited liability company. 2M is in the business of contracting with agencies of the United States to provide services related to (a) technical assistance, (b) policy evaluation and research, and (c) health information technology and advanced analytics.

**2.02**    This Plan is intended to resolve all Claims against the Debtors and/or property of the Debtors of whatever character, whether contingent or liquidated, or whether allowed by the Bankruptcy Court pursuant to Bankruptcy Code Section 502(a).

**2.03**    Only Allowed Claims (as defined above) will receive treatment afforded by the Plan. Allowed Secured Claims will be paid in full with interest over the term of the Plan, with the exception of a home mortgage Claim against Marcus E. Martin, which will be paid according to a Stipulation between Martin and his mortgage company that provides for a cure amount to cover arrearages along with regular monthly payments. Unsecured Claimants of 2M will receive a pro rata share of a pool of cash totaling $10,000.00 a month over five years ($600,000) while Unsecured Claimants of Martin will receive a pro rata share of a pool of cash totaling $2,500.00 a month over five years ($150,000). The specific nature of the treatment of all Claims under the Plan is set out in detail in Article V below. Further details concerning the implementation of the Plan are set out in Article VI below.

**ARTICLE III**
**GENERAL TERMS AND CONDITIONS**

**3.01**    <u>Time for Filing Claims</u>. The holder of any Administrative Claim other than (i) a Fee Claim, (ii) a liability incurred and paid in the ordinary course of business by the Debtors, or

(iii) an Allowed Administrative Claim, must file with the Bankruptcy Court and serve on the Debtors and their respective counsel, notice of such Administrative Claim within thirty (30) days after the Effective Date.  At a minimum, such notice must identify (i) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim.  Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

Each Person asserting an Administrative Expense that is a Fee Claim incurred before the Effective Date shall be required to file with the Bankruptcy Court, and serve on the Debtors, Debtors' counsel and the U. S. Trustee, a Fee Application within sixty (60) days after the Effective Date.

A person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

Liabilities incurred from the Petition Dates through the Effective Date in the ordinary course of business shall be paid in the ordinary course of business by the Debtors.

**3.02**   **Modification to the Plan**.  In accordance with Bankruptcy Rule 3019, to the extent applicable, this Plan may be modified or amended upon application of the Debtors, or corrected prior to the Confirmation Date, provided that notice and an opportunity for hearing have been given to any affected party. The Plan may be modified by the Debtors at any time after Confirmation and before the Effective Date, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1129 of the Bankruptcy Code, the circumstances warrant such modification and Debtor consents thereto in writing.

**ARTICLE IV**
**DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS**

The Debtors designate the following Classes of Claims and Interests pursuant to Bankruptcy Code Section 1123.

**Claims against 2M RESEARCH SERVICES, LLC, Case No. 23-40271**

Class 2M 1: Allowed Secured Claims of Internal Revenue Service
Class 2M 2: Allowed Secured Claims of Tarrant County
Class 2M 3: Allowed Secured Claims of Arlington (Texas) Independent School District
Class 2M 4: Allowed Secured Claims of Texas Workforce Commission
Class 2M 5: Allowed Secured Claims of Georgia Department of Revenue.
Class 2M 6: Allowed Secured Claims of Arlington County (Virginia) Treasurer
Class 2M 7: Allowed Secured Claims of Pragmatic Financial, LLC
Class 2M 8: Allowed Secured Claims of Fox Capital Group, LLC
Class 2M 9: Allowed Secured Claims of Western Equipment Finance, Inc.
Class 2M 10: Allowed Secured Claims of VW Credit, Inc.

Class 2M 11: Allowed Secured Claims of Automated Data Processing Technicians, Inc.
Class 2M 12: Allowed Secured Claims of Creative Capital Funding
Class 2M 12A: Allowed Secured Claims of the U.S. Small Business Administration
Class 2M 13: Allowed General Unsecured Claims
Class 2M 14: Equity Interests

**Claims against MARCUS E. MARTIN, Case No. 23-40272**

Class MARTIN 1: Allowed Secured Claims of Internal Revenue Service
Class MARTIN 2: Allowed Secured Claims of Tarrant County Tax Assessor
Class MARTIN 3: Allowed Secured Claims of Pragmatic Financial, LLC
Class MARTIN 4: Allowed Secured Claims of Republic Finance, Inc.
Class MARTIN 5: Allowed Secured Claims of VW Credit, Inc. dba Audi Financial
Class MARTIN 6: Allowed Secured Claims of PHH Mortgage Corporation (dba of Wells
Fargo Bank, N.A., Trustee)
Class MARTIN 7: Allowed Secured Claims of Texas Trust Credit Union
Class MARTIN 8: Allowed Secured Claims of Western Equipment Finance, Inc.
Class MARTIN 9: Allowed General Unsecured Claims
Class MARTIN 10: Ownership Interests in Assets

**ARTICLE V**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

   *A. __NON-CLASSIFIED CLAIMS.__* The following Claims are not classified, pursuant to
Bankruptcy Code Section 1123:

   __Treatment of Administrative Expense Claims__.   Each holder of an Administrative
Expense Claim other than Professional Fee Administrative Claims shall receive, in full
satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed
Administrative Expense Claim, (i) Cash on the Effective Date equal to the unpaid portion of such
Allowed Administrative Expense Claim or (ii) such other treatment as to which the Debtors and
such holder shall have agreed upon in writing; provided, however, that Allowed Administrative
Expense Claims with respect to liabilities incurred by the Debtors in the ordinary course of
business during the Bankruptcy Case shall be paid in the ordinary course of business in accordance
with the terms and conditions of any agreements relating thereto.  On or before the Effective Date,
the Debtors or Reorganized Debtors shall pay or have paid in full all Allowed Administrative
Expense Claims.   All Allowed Administrative Expense Claims shall be paid by the Reorganized
Debtors when they are due until the Bankruptcy Case is closed pursuant to a final decree, order of
dismissal, or order of conversion.  Until entry of such an order, the Reorganized Debtors shall file
with the Bankruptcy Court and serve upon the United States Trustee a quarterly financial report.
Any allowed administrative ad valorem tax claims shall be paid pursuant to otherwise applicable
state law.

   __Treatment of Professional Fee Administrative Claims__.  All persons who are awarded
compensation or reimbursement of expenses by the Bankruptcy Court in accordance with sections
330 or 331 of the Bankruptcy Code or entitled to the priorities established pursuant to sections

503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court on the later of the Effective Date or the date on which the order allowing such Claim becomes a Final Order, or upon such other terms as may be mutually agreed upon between such holder of an Allowed Professional Fee Claim and the Reorganized Debtor.

**Treatment of Priority Claims of the Internal Revenue Service.** The Priority Tax Claims of the Internal Revenue Service ("IRS") will be satisfied as follows:

The IRS Priority Claims against 2M will be Allowed in the principal amount of $1,624,714.44. This amount will be satisfied by 2M's payment of equal monthly installments of principal and interest over 120 months (10 years). Interest will accrue on the principal balance from the Effective Date at the rate of 8% per annum, which equates to monthly payments of $19,712.27 (the "2M IRS Priority Payments"). The 2M IRS Priority Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 120 months from the Effective Date.

The IRS Priority Claims against Martin will be Allowed in the principal amount of $389,561.87. This amount will be satisfied by Martin's payment of equal monthly installments of principal and interest over 120 months (10 years). Interest will accrue on the principal balance from the Effective Date at the rate of 8% per annum, which equates to monthly payments of $4,726.46 (the "Martin IRS Priority Payments"). The Martin IRS Priority Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 120 months from the Effective Date.

To the extent the 2M IRS Priority Payments include payment of Priority Claim obligations that are also owed by Martin, the Martin IRS Priority Payments shall be suspended pending their full satisfaction by the 2M IRS Priority Payments. Should 2M default on the 2M IRS Priority Payments, Martin shall be obligated to commence the Martin IRS Priority Payments at that time and continue those payments until the IRS Priority Claims against Martin are paid in full.

All payments to the IRS will be sent to: Brook Taylor/ IRS, 1100 Commerce Street, Mail Code 5027 DAL, Dallas, Texas 75242.

**Events of Default.** The occurrence of any of the following shall constitute an event of default under the Plan:

1) **Failure to Make Payments.** Failure on the part of Debtor to pay fully when due any payment required to be made to the IRS under the Plan. However, due to the size and ongoing nature of the IRS's claim, upon a default under the plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code. As to the IRS:

(A) If the Debtor or its successor in interest fails to make any plan payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtor or its successor in interest fails to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default.

(B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.

(C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.

(D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.

**Treatment of Other Priority Claims.** Allowed Priority Claims other than Claims of the IRS will be paid on the later of the Effective Date or the date on which the order allowing such Claim becomes a Final Order.

**Title 28 U.S.C. Section 1930 Fees.** The Reorganized Debtors shall pay all post-Confirmation fees accrued at that time by the Office of the United States Trustee and shall continue to pay such fees until this Case is closed by the Court or the Reorganized Debtors are otherwise released from such obligations by the Court.

**B. *CLASSIFIED CLAIMS.*** The following Claims are classified pursuant to Bankruptcy Code Section 1123, and are treated as follows:

**General Provisions Regarding Classification and Treatment of Claims.**

All Allowed Secured Claimants shall retain all their contractual or statutory Liens on any Collateral securing their Claims until their Claims are paid in full.

No Claimant shall be entitled to a pre-payment penalty if its Claim is paid early.

Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and an Unsecured Claim for the remainder.

Claims filed by Creditors asserting a different type or character of Claim than as scheduled by the Debtors (e.g., secured v. unsecured, priority v. non-priority) are classified herein as asserted by the Creditor's Proof of Claim. By classifying a Claim in any Class, the Debtors do not concede that the Claim will be Allowed in that Class, and the Debtors reserve the right to object to any Claim.

Some of the Claims filed or scheduled in one Case may be duplicates of Claims filed or scheduled in the other Case. To the extent the Claims in one Case are duplicative of Claims filed by or scheduled in the other Case, any such Claimant shall be entitled to only a single recovery under the Plan. Under no circumstances will any Claimant receive multiple recoveries on a single Claim for which the Debtors may be jointly liable.

1.      **CLAIMS AGAINST 2M RESEARCH SERVICES, LLC**

**Class 2M 1: Allowed Secured Claims of Internal Revenue Service**

This Claim shall be Allowed in the amount of $6,566,047.40. This amount will be satisfied by 2M's payment of monthly installments of principal and interest over 120 months (10 years). Interest will accrue on the principal balance from the Effective Date at the rate of 8%. Payments shall be made as follows: $25,000 a month for year 1, $50,000 a month for year 2, $75,000 a month for year 3, $100,000 a month for years 4-10 (the "Class 2M 1 Payments"). Any remaining balance shall be paid in full on month 121. The Class 2M 1 Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 120 months from the Effective Date. The total to be paid to the IRS is $9,559,712.40

All payments to the IRS will be sent to: Brook Taylor/ IRS, 1100 Commerce Street, Mail Code 5027 DAL, Dallas, Texas 75242.

**Events of Default.** The occurrence of any of the following shall constitute an event of default under the Plan:

1**) Failure to Make Payments.** Failure on the part of Debtor to pay fully when due any payment required to be made to the IRS under the Plan. However, due to the size and ongoing nature of the IRS's claim, upon a default under the plan, the

administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code. As to the IRS:

(A) If the Debtor or its successor in interest fails to make any plan payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtor or its successor in interest fails to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default.

(B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.

(C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.

(D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 2: Allowed Secured Claims of Tarrant County

This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 3: Allowed Secured Claims of Arlington (Texas) Independent School District

This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 4: Allowed Secured Claims of Texas Workforce Commission

This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 8.5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 5: Allowed Secured Claims of Georgia Department of Revenue

This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 4.5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Petition Date.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 6: Allowed Secured Claims of Arlington County (Virginia) Treasurer

This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 4.5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Petition Date. The amount of this Claim is Disputed. Debtor anticipates filing a claim objection.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**<u>Class 2M 7: Allowed Secured Claims of Pragmatic Financial, LLC</u>**

This Claim shall be Allowed in the amount of $2,315,000.00, to be paid as follows:

Monthly payments of $18,900.00 will commence on the Effective Date and continue for twelve (12) months. Payments shall be due on the 10th of the month.  If the 10th falls on a holiday or weekend the payments will be due on the next business day. The interest rate on the Allowed Secured Claim is 8.5% per annum.  At the end of the 12th month after the Effective Date, 2M shall have the option to pay off the entire Class 2M 7 Claim for the discounted amount of $1,750,000.00. If 2M exercises this option and pays off the Class 2M 7 Claim, 2M shall also have the option to pre-pay all amounts then due to Pragmatic as a Class 2M 13 Unsecured Claimant in a single lump sum. If 2M does not exercise its options to pre-pay the Class 2M 7 and Class 2M 13 Claims at this time, the remaining balances due on those Claims will be paid as follows:

Monthly payments of $21,400.00 will commence thirteen (13) months after the Effective Date and continue for twelve (12) months. At the end of the 24th month after the Effective Date, 2M shall have the option to pay off the entire Class 2M 7 Claim for the discounted amount of $1,768,000.00. If 2M exercises this option and pays off the Class 2M 7 Claim, 2M shall also have the option to pre-pay all amounts then due to Pragmatic as a Class 2M 13 Unsecured Claimant in a single lump sum. If 2M does not exercise its options to pre-pay the Class 2M 7 and Class 2M 13 Claims at this time, the remaining balances due on those Claims will be paid as follows:

Monthly payments of $23,900.00 will commence twenty-five (25) months after the Effective Date and continue for twelve (12) months. At the end of the 36th month after the Effective Date, 2M shall have the option to pay off the entire Class 2M 7 Claim for the discounted amount of $1,753,000.00. If 2M exercises this option and pays off the Class 2M 7 Claim, 2M shall also have the option to pre-pay all amounts then due to Pragmatic as a Class 2M 13 Unsecured Claimant in a single lump sum. If 2M does not exercise its options to pre-pay the Class 2M 7 and Class 2M 13 Claims at this time, the remaining balances due on those Claims will be paid as follows:

Monthly payments of $26,400.00 will commence thirty-seven (37) months after the Effective Date and continue for twelve (12) months. At the end of the 48th month after the Effective Date, 2M shall have the option to pay off the entire Class 2M 7 Claim for the discounted amount of $1,768,000.00. If 2M exercises this option and pays off the Class 2M 7 Claim, 2M shall also have the option to pre-pay all amounts then due to Pragmatic as a Class 2M 13 Unsecured Claimant in a single lump sum. If 2M does not exercise its options to pre-pay the Class 2M 7 and Class 2M 13 Claims at this time, the remaining balances due on those Claims will be paid as follows:

Monthly payments of $28,900.00 will commence forty-nine (49) months after the Effective Date and continue until the Class 2M 7 Claim is paid in full. Once the Class 2M 7 Claim is fully paid, 2M shall have the option to pre-pay all amounts then due to Pragmatic as a Class 2M 13 Unsecured Claimant in a single lump sum. If 2M does not exercise its option to pre-pay the Class 2M 13 Claim at this time, the remaining balance due on that Claim will be paid according to the treatment of the 2M Class 13 Claims set out below.

To the extent the Debtors' collective monthly payments due to the IRS under this Plan total less than $50,000.00, the difference between $50,000.00 and the collective monthly payments due to the IRS shall be applied to increase the Class 2M 7 payments due to Pragmatic hereunder. Should the Class 2M 7 payments so increase, the discounted lump sum payments on the Class 2M 7 Claim described above shall be reduced only to the extent the increased payments result in a decrease of the principal amount owed on the Class 2M 7 Claim.

Should 2M choose to increase any monthly payment in excess of the amounts set out above, Pragmatic shall credit each dollar paid over the amount due plus an additional 8.5 cents. Thus, for example, if 2M pays an additional $100.00 in excess of the amount due in any given month, Pragmatic shall apply $108.50 to the amount of the Class 2M 7 Claim then due.

Pragmatic shall have liens on all existing and future contracts and receivables of 2M, including all products and proceeds thereof, at the same level of priority as they existed on the Petition Date, which shall be affirmed in the Confirmation Order if approved by the Court. Such liens shall be automatically perfected by the Confirmation Order and Pragmatic shall be relieved by the terms of the Confirmation Order from any obligation to file a UCC-1 financing statement or take any additional action to perfect such liens.

Any default by 2M on its obligations to Pragmatic hereunder shall be treated as follows (without regard to Section 10.09 below): 2M shall be entitled to two (2) notices of default per year, with the first year beginning on the Confirmation Date and each subsequent year beginning on the anniversary of the Confirmation Date. Pragmatic shall send notice of any default to 2M by certified mail and to counsel for 2M by e-mail. 2M shall have 14 days after receipt of notice of default to fully cure any arrearages, plus pay an additional $250 in attorney fees for preparing the notice of default. Should any such default not be timely cured or if 2M commits a third default within any applicable year, Pragmatic shall no longer be bound by this Plan and shall be free to take all actions to foreclose on its liens and pursue any remedies otherwise available under state law.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 8: Allowed Secured Claims of Fox Capital Group, LLC

This Claim will be paid in full in 84 equal monthly installments of principal and interest at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full. The amount of this Claim is Disputed. Debtor anticipates filing a claim objection as to the amount and also as to this Claim being a secured claim. To the extent the Claim is Allowed as an Unsecured Claim it shall be treated in Class 2M13.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 9: Allowed Secured Claims of Western Equipment Finance, Inc.

This Claim will be paid in full in 84 equal monthly installments of principal and interest at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 10: Allowed Secured Claims of VW Credit, Inc.

This Claim will be paid in full in 84 equal monthly installments of principal and interest at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 11: Allowed Secured Claims of Automated Data Processing Technicians, Inc

This Claim will be paid in full in 60 equal monthly installments of principal and interest at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 12: Allowed Secured Claims of Creative Capital Funding

This Claim will be paid in full in 84 equal monthly installments of principal and interest at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full. The amount of this Claim is Disputed. Debtor anticipates filing a claim objection as to the amount and also as to this Claim being a secured claim.  To the extent the Claim is Allowed as an Unsecured Claim it shall be treated in Class 2M 13.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 12A: Allowed Secured Claims of the U.S. Small Business Administration

This Claim will be paid in full as follows: an $11,000 payment to be made on the Effective Date, an $11,000 payment to be made 30 days after the Effective Date, and regular monthly installments of $2,522.00 commencing 60 days after the Effective Date and continuing until the Claim is paid in full.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

### Class 2M 13: Allowed General Unsecured Claims

Claimants in this Class shall be paid monthly over 60 months on a Pro Rata basis out of $10,000.00 per month, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter until the expiration of 60 months. The total paid into this Class shall be $600,000.

### Class 2M 14: Equity Interests

Equity Interests in the Debtor shall be retained.

### 2.    CLAIMS AGAINST MARCUS MARTIN

### Class MARTIN 1: Allowed Secured Claims of Internal Revenue Service

This Claim shall be Allowed in the amount of $3,531,054.69. This amount will be satisfied by 2M's payments to the Allowed Secured Claim of the IRS described herein.

Should 2M not make its payments as described herein the 2M Allowed Secured Claim .then the Martin Allowed IRS Secured Claim shall be paid as follows: monthly installments of principal and interest over 120 months (10years). Interest will accrue on the principal balance from the Effective Date at the rate of 8% per annum (the "Class MARTIN 1 Payments").  The Class MARTIN 1 Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 120 months from the Effective Date.

To the extent the Class MARTIN 1 Payments include payment of Secured IRS Claim obligations that are also owed by 2M, the Class Martin 1 Payments shall be suspended pending their full satisfaction by the Class 2M 1 Payments. Should 2M default on the Class 2M 1 Payments, Martin shall be obligated to commence the Class MARTIN 1 Payments at that time and continue those payments until the Secured IRS Claims against Martin are paid in full. Once the Secured IRS Claim owed by 2M is paid in full, Debtors will continue to make monthly payments to the IRS in the same monthly amount until the Class Martin 1 claim is paid in full.

All payments to the IRS will be sent to: Brook Taylor/ IRS, 1100 Commerce Street, Mail Code 5027 DAL, Dallas, Texas 75242.

**Events of Default.** The occurrence of any of the following shall constitute an event of default under the Plan:

1**) Failure to Make Payments.** Failure on the part of Debtor to pay fully when due any payment required to be made to the IRS under the Plan. However, due to the size and ongoing nature of the IRS's claim, upon a default under the plan, the

administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code. As to the IRS:

(A) If the Debtor or its successor in interest fails to make any plan payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtor or its successor in interest fails to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default.

(B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.

(C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.

(D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan

## **Class MARTIN 2: Allowed Secured Claims of Tarrant County**

This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date. These taxes are escrowed as part of the Debtor's mortgage payment and should be paid from escrow by the mortgage company.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

## **Class MARTIN 3: Allowed Secured Claims of Pragmatic Financial, LLC**

Martin shall be co-obligated on all payments to be made by 2M on the Class 2M 7 Claim as described above but shall not be obligated to make any such payments unless and until 2M defaults and does not timely cure the default in the manner set out above.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

## **Class MARTIN 4: Allowed Secured Claims of Republic Finance, Inc.**

This Claim will be paid in full in 84 equal monthly installments of principal and interest at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full. The amount of this Claim is Disputed. Debtor anticipates filing a claim objection as to the amount and also as to this Claim being a secured claim.  To the extent the Claim is Allowed as an Unsecured Claim it shall be treated in Class Martin 9.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

## **Class MARTIN 5: Allowed Secured Claims of VW Credit, Inc. dba Audi Financial**

This Claim will be paid in full in 60 equal monthly installments of principal and interest at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

## Class MARTIN 6: Allowed Secured Claims of PHH Mortgage Corporation (dba of Wells Fargo Bank, N.A., Trustee)

This Claim will be paid in full according to the terms of the Debtor's pre-Petition Date home mortgage loan agreement with this Claimant plus the arrearages shall be treated in accordance with the terms of the Stipulation.

This Claim is Impaired and the holder of this Claim is entitled to vote to accept or reject the Plan.

## Class MARTIN 7: Allowed Secured Claims of Texas Trust Credit Union

This Claim will be paid in full in 84 equal monthly installments of principal and interest at the rate of 3.24% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

## Class MARTIN 8: Allowed Secured Claims of Western Equipment Finance, Inc.

This Claim will be paid in full in 60 equal monthly installments of principal and interest at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full.

This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

## Class MARTIN 9: Allowed General Unsecured Claims

Claimants in this Class shall be paid monthly over 60 months on a Pro Rata basis out of $2,500.00 per month, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter until the expiration of 60 months.  The total paid into this Class is $150,000.

## Class MARTIN 10: Ownership Interests in Assets

Marcus E. Martin will retain his interests in his Assets.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF PLAN

6.01 The Debtors will make all payments required under the Plan from available cash and income from the business operations of 2M and Martin.

## ARTICLE VII
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.01** **Rejection of Executory Contracts and Unexpired Leases**. All executory contracts and unexpired leases not assumed by the Debtors as of the Effective Date shall be deemed rejected on the Effective Date.

The Debtors hereby ASSUME the executory contracts and unexpired leases listed on Exhibit B attached to the Joint Disclosure Statement.

**7.02** **Reservation of Rights**. The Debtors shall have the right to assume or reject, pursuant to Bankruptcy Code Section 365, no later than the Effective Date, any executory contract or unexpired lease of real property (to the extent permitted under the Bankruptcy Code).

**7.03** **Bar Date for Claims Based on Rejection**. If the rejection of an executory contract or an unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Plan Proponent or their properties or agents, successors, or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon the Reorganized Debtors, by the earlier of (a) the end of the month following the period in which the Effective Date occurs or (b) such other deadline as the Court may set for asserting a Claim for such damages. Any Rejection Claim arising from the rejection of an unexpired lease or executory contract shall be treated as a General Unsecured Claim; *provided, however*, that any Rejection Claim based upon the rejection of an unexpired lease of real property either prior to the Confirmation Date or upon the entry of the Confirmation Order shall be limited in accordance with section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements. Nothing contained herein shall be deemed an admission that such rejection gives rise to or results in a Claim or shall be deemed a waiver of any objections to such Claim if asserted.

## ARTICLE VIII
## ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS

**8.01** **The Debtors' Causes of Action**. The Debtors specifically reserve the following claims for enforcement by the Reorganized Debtors subsequent to the Effective Date:

All claims, counter-claims and causes of action against any third parties, are reserved herein, except that any and all claims whether asserted or not against Pragmatic Financial, LLC are fully and finally settled and compromised by the terms of this Plan upon approval of the Plan by the Court.

**8.02** **Objections to Claims.** Any party authorized by the Bankruptcy Code, including the Debtors, may object to the allowance of Pre-Petition Date Claims at any time prior to sixty (60) days after the Effective Date and, as to Rejection Claims, at any time prior to sixty (60) days after the filing of any such Rejection Claim. Any proof of Claim filed after the Court sets bar dates shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; *provided, however,* that the Reorganized Debtors may compromise and

settle any Contested Claim, subject to the approval of the Bankruptcy Court.  Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

No distributions under this Plan shall be made to the holder of a Claim that is Disputed, unless and until such Claim becomes an Allowed Claim.  If a Claim is Disputed in whole or in part because the Plan Proponent, the Debtors or Reorganized Debtors asserts a right of offset against such Claim or recoupment against the holder of such Claim, then, if and to the extent the Claim giving rise to the offset or recoupment is sustained by Final Order, the Claim in dispute shall be reduced or eliminated and, if applicable, the holder of such Claim shall be required to pay the amount of such offset or recoupment, less the amount of its Allowed Claim.  In addition, any party authorized by the Bankruptcy Code, at any time, may request that the Court estimate any contingent, disputed or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code, regardless of any prior objections.

## ARTICLE IX
## EFFECT OF CONFIRMATION

**9.01** <u>**Discharge and Release of Debtors**</u>.  Pursuant to Bankruptcy Code Section 1141(d), confirmation of this Plan <u>does</u> discharge 2M. Marcus E. Martin may apply for his discharge upon the completion of the payments under this Plan pursuant to 11 U.S.C. Section 1141(d)(5).

**9.02** <u>**Legal Binding Effect**</u>.  The provisions of this Plan, pursuant to the Bankruptcy Code Section 1141 shall bind the Debtors and all Creditors, whether or not they accept this Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

**9.03** <u>**Discharge**</u>.  Confirmation of the Plan shall result in the inability to commence or continue any judicial, administrative, or other action or proceeding on account of any Pre-Petition Date Claims against the Debtors or Reorganized Debtors.

Except as provided in the Plan, from and after the Confirmation Date, all holders of Claims against the Debtors are restrained and enjoined by the Confirmation of the Plan: (a) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtors or Reorganized Debtors, or its property; (b) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Assets or the Debtors or Reorganized Debtors on account of such Claims; (c) from creating, perfecting, or enforcing any encumbrance of any kind against the Assets, or the Debtors or Reorganized Debtors on account of such Claims; (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtors or Reorganized Debtors on account of such Claims; and (e) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan on account of such Claims; provided, however, that each holder of a Contested Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce its

rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan. Creditors shall not pursue claims against non-debtor third parties at the same time as their claims are being paid through the Plan.

**9.04    Vesting of Property.**  On the Effective Date of the Plan, all property of the Estate, unless otherwise disposed as provided in this Plan, shall vest in the Reorganized Debtors pursuant to sections 1141(b) of the Bankruptcy Code. Except as otherwise provided for in this Plan with respect to Allowed Secured Claims, all property of the Reorganized Debtors and the Real Property shall vest and be free and clear of all Liens, claims and interests of creditors and equity holders pursuant to sections 1141(c) and 1123(a)(5) of the Bankruptcy Code and this Plan. This Plan and the Confirmation Order will evidence the release of any and all Liens, claims or interests against or in all property dealt with by the Plan, including the Real Property, unless such Lien, claim or interest is specifically retained in the Plan; provided, that, for the avoidance of doubt, no Lien, claim or interest against or in the Real Property is retained under this Plan.

### ARTICLE X
### MISCELLANEOUS PROVISIONS

**10.01    Request for Relief Under Bankruptcy Code Section 1129**.  In the event any Impaired Class shall fail to accept this Plan in accordance with Bankruptcy Code Section 1129(a), the Debtors reserve the right to, and do hereby request the Bankruptcy Court to confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

**10.02    Revocation**.  The Debtors reserve the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

**10.03    Effect of Withdrawal or Revocation**.  If the Debtors revoke or withdraw this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors.

**10.04    Due Authorization by Creditors**.  Each and every Claimant who elects to participate in the distributions provided herein warrants that it is authorized to accept in consideration of its Claim against the Debtors the distributions provided in the Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

**10.05    Entire Agreement**.  This Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate this Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

**10.06    Section 1146 Exemption.**  Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer or exchange or any security under this Plan or the making or delivery of any

instrument or transfer pursuant to, in implementation of or as contemplated by this Plan or the transfer of any property pursuant to this Plan shall not be taxed under any federal, state or local law imposing a stamp, transfer or similar tax or fee.

**10.07    Provisions Governing Distributions.** All payments and distributions under the Plan shall be made by the Reorganized Debtors as indicated. Any payments or distributions to be made by the Reorganized Debtors pursuant to the Plan shall be made as soon as reasonably practicable after the Effective Date, except as otherwise provided for in the Plan, or as may be ordered by the Bankruptcy Court. Any payment or distribution by the Reorganized Debtors pursuant to the Plan, to the extent delivered by the United States Mail, shall be deemed made when deposited into the United States Mail.

Payments of Cash to be made by the Reorganized Debtors pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank.

Distributions and deliveries to holders of Allowed Claims shall be made at the addresses set forth on the proofs of Claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or proof of interest is filed). All Claims for undeliverable distributions shall be made on or before the second anniversary of the Effective Date. After such date, all unclaimed property shall remain the property of the Reorganized Debtors and the Claim of any other holder with respect to such unclaimed property shall be discharged and forever barred.

Checks issued by the Reorganized Debtors in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of delivery thereof. Requests for reissuance of any check shall be made directly to the Plan Proponent by the holder of the Allowed Claim to whom such check originally was issued. Any claim in respect of such a voided check are due within ninety (90) days after the date of delivery of such check. After such date, all Claims in respect of void checks shall be discharged and forever barred, and the amount of such checks shall become Unclaimed Property and returned to the Reorganized Debtors.

No interest shall be paid on any Claim unless, and only to the extent that, the Plan specifically provides otherwise.

**10.08    Governing Law.** Unless a rule of law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of law.

**10.09    Default.** In the event of a default under the Plan, the affected Claimant or its counsel shall provide notice to counsel for the Reorganized Debtors. The Reorganized Debtors shall have twenty (20) days to cure the default. In the event the Reorganized Debtors fail to cure the default within 20 days after receipt of notice, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. The Reorganized Debtors shall be entitled to only two (2) notices of default. In the event of a third default, the

Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice.

**10.10** **Notices**. All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. A copy of all notices provided under this Plan shall be sent to: (i) the Reorganized Debtors at 1305 Grayhawk Drive, Mansfield TX 76063 and (ii) Joyce W. Lindauer, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street, Suite 500, Dallas TX 75202, and by email: joyce@joycelindauer.com.

## ARTICLE XI
## MODIFICATION OF THE PLAN; CONDITIONS PRECEDENT TO THE OCCURRENCE OF THE EFFECTIVE DATE

**11.01** The Debtors may propose amendments to or modifications of this Plan at any time prior to Confirmation, upon notice to all parties-in-interest. After Confirmation, the Reorganized Debtors may, with approval of the Court and so long as it does not materially or adversely affect the interest of creditors, modify to remedy any defect or omission or reconcile any inconsistencies in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of this Plan.

## ARTICLE XII
## RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction for the following purposes:

**12.01** **Allowance of Claims**. To hear and determine the allowability of all Claims upon objections to such Claims.

**12.02** **Executory Contracts and Unexpired Leases Proceedings**. To act with respect to proceedings regarding the assumption of any executory contract or unexpired lease of the Debtors pursuant to Section 365 and 1123 of the Code and Article VII of the Plan.

**12.03** **Plan Interpretation**. To resolve controversies and disputes regarding the interpretation of the Plan.

**12.04** **Plan Implementation**. To implement and enforce the provisions of the Plan and enter orders in aid of confirmation and implementation of the Plan.

**12.05** **Plan Modification**. To modify the Plan pursuant to Section 1127 of the Code and applicable Bankruptcy Rules.

**12.06** **Adjudication of Controversies**. To adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court against the

Debtors.

**12.07**   **Injunctive Relief**.   To issue any injunction or other relief as appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or in the Confirmation Order.

**12.08**   **Interpleader Action**.   To entertain interpleader actions concerning assets to be distributed or other assets of the Estate.

**12.09**   **Correct Minor Defects**.   To correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the Plan, the Confirmation Order or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the Plan, provided that the rights of any holder or an Allowed Claim are not materially and adversely affected thereby.

**12.10**   **Authorization of Fees and Expenses**.   To review and authorize payment of professional fees incurred prior to the Effective Date.

**12.11**   **Post-Confirmation Orders Regarding Confirmation**.   To enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified, or vacated.

**12.12**   **Final Decree**.   To enter a final decree closing the Cases pursuant to Bankruptcy Rule 3022.

**12.13**   **Discharge**.   To enter a discharge of the individual Debtor, Marcus E. Martin.

Dated: August 28, 2024.

Respectfully Submitted,

   */s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR THE DEBTORS

**2M RESEARCH SERVICES, LLC,**

By: ___/s/Marcus E. Martin_____
     Marcus E. Martin
     Its: Sole Manager and Member


**MARCUS E. MARTIN**

___/s/Marcus E. Martin_____
Marcus E. Martin, Debtor

# EXHIBIT "1"

**CHAPTER 11 DEBTOR PROJECTIONS**

**2M Research Services, LLC and Marcus E. Martin**

**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (2M) | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | **NET INCOME** | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | **TOTAL EXPENSES** | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | | |
| | - | Professional Fee Admin Claims | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | 18,900.00 | 18,900.00 | 18,900.00 | 18,900.00 | 18,900.00 | 18,900.00 | 18,900.00 | 18,900.00 | 18,900.00 | 18,900.00 | 18,900.00 |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | | | 15,000.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| | 2M 14 | Equity Interests | | | | | | | | | | | |
| | | **TOTAL PLAN PAYMENTS** | 94,923.26 | 94,923.26 | 109,923.26 | 97,445.26 | 97,445.26 | 97,445.26 | 97,445.26 | 92,445.26 | 92,445.26 | 92,445.26 | 92,445.26 |
| **NET INCOME** | | 5,076.74 | 5,076.74 | -9,923.26 | 2,554.74 | 2,554.74 | 2,554.74 | 2,554.74 | 7,554.74 | 7,554.74 | 7,554.74 | 7,554.74 |
| **CUMULATIVE INCOME** | | 5,076.74 | 10,153.48 | 230.22 | 2,784.96 | 5,339.70 | 7,894.45 | 10,449.19 | 18,003.93 | 25,558.67 | 33,113.41 | 40,668.15 |

| | | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | **NET INCOME** | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL EXPENSES** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Allowed Secured Claims of PHH Mortgage dba of Wells Fargo Bank, NA, | | | | | | | | | | | |
| | MARTIN 6 | Trustee | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | | | |
| | | **TOTAL PLAN PAYMENTS** | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 |
| **NET INCOME** | | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 |
| **CUMULATIVE INCOME** | | 6,324.48 | 12,648.96 | 18,973.44 | 25,297.92 | 31,622.40 | 37,946.88 | 44,271.36 | 50,595.84 | 56,920.32 | 63,244.80 | 69,569.27 |

**CHAPTER 11 DEBTOR PROJECTIONS**

**2M Research Services, LLC and Marcus E. Martin**

**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | Class | | Month 12 | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 | Month 20 | Month 21 | Month 22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (2M) | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | NET INCOME | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 | 465,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | | TOTAL EXPENSES | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | 64,000.00 | | | | | | | | | | |
| | - | Professional Fee Admin Claims | 10,000.00 | | | | | | | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 25,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | 18,900.00 | 21,400.00 | 21,400.00 | 21,400.00 | 21,400.00 | 21,400.00 | 21,400.00 | 21,400.00 | 21,400.00 | 21,400.00 | 21,400.00 |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| | 2M 14 | Equity Interests | | | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 166,445.26 | 119,945.26 | 119,945.26 | 119,945.26 | 119,945.26 | 119,945.26 | 119,945.26 | 119,945.26 | 119,945.26 | 119,945.26 | 119,945.26 |
| **NET INCOME** | | | -66,445.26 | -19,945.26 | -19,945.26 | -19,945.26 | -19,945.26 | -19,945.26 | -19,945.26 | -19,945.26 | -19,945.26 | -19,945.26 | -19,945.26 |
| **CUMULATIVE INCOME** | | | -25,777.11 | -45,722.37 | -65,667.63 | -85,612.89 | -105,558.14 | -125,503.40 | -145,448.66 | -165,393.92 | -185,339.18 | -205,284.44 | -225,229.70 |

| | Class | | Month 12 | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 | Month 20 | Month 21 | Month 22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | NET INCOME | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | TOTAL EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial / Allowed Secured Claim of PHH Mortgage dba of Wells Fargo Bank, NA, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 6 | Trustee | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 |
| **NET INCOME** | | | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 |
| **CUMULATIVE INCOME** | | | 75,893.75 | 82,218.23 | 88,542.71 | 94,867.19 | 101,191.67 | 107,516.15 | 113,840.63 | 120,165.11 | 126,489.59 | 132,814.07 | 139,138.55 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**2M Research Services, LLC and Marcus E. Martin**
**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | | Month 23 | Month 24 | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 | Month 31 | Month 32 | Month 33 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (2M) | 465,000.00 | 465,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | **NET INCOME** | 465,000.00 | 465,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | **TOTAL EXPENSES** | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | | |
| | - | Professional Fee Admin Claims | | | | | | | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 50,000.00 | 50,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | 21,400.00 | 21,400.00 | 23,900.00 | 23,900.00 | 23,900.00 | 23,900.00 | 23,900.00 | 23,900.00 | 23,900.00 | 23,900.00 |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| | 2M 14 | Equity Interests | | | | | | | | | | |
| | | **TOTAL PLAN PAYMENTS** | 119,945.26 | 119,945.26 | 147,445.26 | 147,445.26 | 147,445.26 | 147,445.26 | 147,445.26 | 147,445.26 | 147,445.26 | 147,445.26 |
| **NET INCOME** | | -19,945.26 | -19,945.26 | -37,445.26 | -37,445.26 | -37,445.26 | -37,445.26 | -37,445.26 | -37,445.26 | -37,445.26 | -37,445.26 |
| **CUMULATIVE INCOME** | | -245,174.96 | -265,120.22 | -302,565.48 | -340,010.74 | -377,455.99 | -414,901.25 | -452,346.51 | -489,791.77 | -527,237.03 | -564,682.29 | -602,127.55 |

| | | Month 23 | Month 24 | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 | Month 31 | Month 32 | Month 33 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | **NET INCOME** | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL EXPENSES** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 6 | Allowed Secured Claims of PHH Mortgage dba of Wells Fargo Bank, NA, Trustee | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | | |
| | | **TOTAL PLAN PAYMENTS** | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 |
| **NET INCOME** | | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 |
| **CUMULATIVE INCOME** | | 145,463.03 | 151,787.51 | 158,111.99 | 164,436.47 | 170,760.95 | 177,085.43 | 183,409.91 | 189,734.39 | 196,058.87 | 202,383.35 | 208,707.82 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**2M Research Services, LLC and Marcus E. Martin**
**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | Class | | Month 34 | Month 35 | Month 36 | Month 37 | Month 38 | Month 39 | Month 40 | Month 41 | Month 42 | Month 43 | Month 44 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (2M) | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | NET INCOME | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | | TOTAL EXPENSES | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | | | |
| | - | Professional Fee Admin Claims | | | | | | | | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 75,000.00 | 75,000.00 | 75,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | 23,900.00 | 23,900.00 | 23,900.00 | 26,400.00 | 26,400.00 | 26,400.00 | 26,400.00 | 26,400.00 | 26,400.00 | 26,400.00 | 26,400.00 |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| | 2M 14 | Equity Interests | | | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 147,445.26 | 147,445.26 | 147,445.26 | 174,945.26 | 174,945.26 | 174,945.26 | 174,945.26 | 174,945.26 | 174,945.26 | 174,945.26 | 174,945.26 |
| **NET INCOME** | | | -37,445.26 | -37,445.26 | -37,445.26 | -64,945.26 | -64,945.26 | -64,945.26 | -64,945.26 | -64,945.26 | -64,945.26 | -64,945.26 | -64,945.26 |
| **CUMULATIVE INCOME** | | | -639,572.81 | -677,018.07 | -714,463.33 | -779,408.59 | -844,353.84 | -909,299.10 | -974,244.36 | -1,039,189.62 | -1,104,134.88 | -1,169,080.14 | -1,234,025.40 |

| | Class | | Month 34 | Month 35 | Month 36 | Month 37 | Month 38 | Month 39 | Month 40 | Month 41 | Month 42 | Month 43 | Month 44 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | NET INCOME | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | TOTAL EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial / Allowed Secured Claim of PHH Mortgage dba of Wells Fargo Bank, NA, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 6 | Trustee | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 |
| **NET INCOME** | | | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 |
| **CUMULATIVE INCOME** | | | 215,032.30 | 221,356.78 | 227,681.26 | 234,005.74 | 240,330.22 | 246,654.70 | 252,979.18 | 259,303.66 | 265,628.14 | 271,952.62 | 278,277.10 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**2M Research Services, LLC and Marcus E. Martin**
**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | Class | | Month 45 | Month 46 | Month 47 | Month 48 | Month 49 | Month 50 | Month 51 | Month 52 | Month 53 | Month 54 | Month 55 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (2M) | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | NET INCOME | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | | TOTAL EXPENSES | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | | | |
| | - | Professional Fee Admin Claims | | | | | | | | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | 26,400.00 | 26,400.00 | 26,400.00 | 26,400.00 | 28,900.00 | 28,900.00 | 28,900.00 | 28,900.00 | 28,900.00 | 28,900.00 | 28,900.00 |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| | 2M 14 | Equity Interests | | | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 174,945.26 | 174,945.26 | 174,945.26 | 174,945.26 | 177,445.26 | 177,445.26 | 177,445.26 | 177,445.26 | 177,445.26 | 177,445.26 | 177,445.26 |
| **NET INCOME** | | | -64,945.26 | -64,945.26 | -64,945.26 | -64,945.26 | -67,445.26 | -67,445.26 | -67,445.26 | -67,445.26 | -67,445.26 | -67,445.26 | -67,445.26 |
| **CUMULATIVE INCOME** | | | -1,298,970.66 | -1,363,915.92 | -1,428,861.18 | -1,493,806.43 | -1,561,251.69 | -1,628,696.95 | -1,696,142.21 | -1,763,587.47 | -1,831,032.73 | -1,898,477.99 | -1,965,923.25 |

| | Class | | Month 45 | Month 46 | Month 47 | Month 48 | Month 49 | Month 50 | Month 51 | Month 52 | Month 53 | Month 54 | Month 55 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | NET INCOME | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | TOTAL EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial / Allowed Secured Claim of PHH Mortgage dba of Wells Fargo Bank, NA, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 6 | Trustee | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 |
| **NET INCOME** | | | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 |
| **CUMULATIVE INCOME** | | | 284,601.58 | 290,926.06 | 297,250.54 | 303,575.02 | 309,899.50 | 316,223.98 | 322,548.46 | 328,872.94 | 335,197.42 | 341,521.90 | 347,846.37 |

**CHAPTER 11 DEBTOR PROJECTIONS**

**2M Research Services, LLC and Marcus E. Martin**

**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | Class | | Month 56 | Month 57 | Month 58 | Month 59 | Month 60 | Month 61 | Month 62 | Month 63 | Month 64 | Month 65 | Month 66 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (2M) | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | **NET INCOME** | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | | **TOTAL EXPENSES** | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | | | |
| | - | Professional Fee Admin Claims | | | | | | | | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | 812.27 | 812.27 | 812.27 | 812.27 | 812.27 | | | | | | |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | 35.36 | 35.36 | 35.36 | 35.36 | 35.36 | | | | | | |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | 322.14 | 322.14 | 322.14 | 322.14 | 322.14 | | | | | | |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | 28,900.00 | 28,900.00 | 28,900.00 | 28,900.00 | 28,900.00 | 1,974,061.64 | | | | | |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | 188.33 | 188.33 | 188.33 | 188.33 | 188.33 | | | | | | |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | | | | | | |
| | 2M 14 | Equity Interests | | | | | | | | | | | |
| | | **TOTAL PLAN PAYMENTS** | 177,445.26 | 177,445.26 | 177,445.26 | 177,445.26 | 177,445.26 | 2,111,248.80 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 |
| **NET INCOME** | | | -67,445.26 | -67,445.26 | -67,445.26 | -67,445.26 | -67,445.26 | -2,001,248.80 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 |
| **CUMULATIVE INCOME** | | | -2,033,368.51 | -2,100,813.77 | -2,168,259.03 | -2,235,704.28 | -2,303,149.54 | -4,304,398.34 | -4,331,585.49 | -4,358,772.65 | -4,385,959.81 | -4,413,146.96 | -4,440,334.12 |

| | Class | | Month 56 | Month 57 | Month 58 | Month 59 | Month 60 | Month 61 | Month 62 | Month 63 | Month 64 | Month 65 | Month 66 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | **NET INCOME** | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | **TOTAL EXPENSES** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | | | |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | | | |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | 209.04 | 209.04 | 209.04 | 209.04 | 209.04 | | | | | | |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial / Allowed Secured Claims of PHH Mortgage dba of Wells Fargo Bank, NA, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | | | |
| | MARTIN 6 | Trustee | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | | | | | | |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | 366.49 | 366.49 | 366.49 | 366.49 | 366.49 | | | | | | |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | | | |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | | | | | | |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | | | |
| | | **TOTAL PLAN PAYMENTS** | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 8,675.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 6,324.48 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **CUMULATIVE INCOME** | | | 354,170.85 | 360,495.33 | 366,819.81 | 373,144.29 | 379,468.77 | 394,468.77 | 409,468.77 | 424,468.77 | 439,468.77 | 454,468.77 | 469,468.77 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**2M Research Services, LLC and Marcus E. Martin**
**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | | Month 67 | Month 68 | Month 69 | Month 70 | Month 71 | Month 72 | Month 73 | Month 74 | Month 75 | Month 76 | Month 77 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (2M) | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | **NET INCOME** | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | **TOTAL EXPENSES** | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS**   Class | | | | | | | | | | | | |
| -   Allowed Administrative Expense Claims | | | | | | | | | | | | |
| -   Professional Fee Admin Claims | | | | | | | | | | | | |
| -   Priority Tax Claims | | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| 2M 1   Allowed Secured Claims of IRS | | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| 2M 2   Allowed Secured Claims of Tarrant County | | | | | | | | | | | | |
| 2M 3   Allowed Secured Claims of Arlington TX ISD | | | | | | | | | | | | |
| 2M 4   Allowed Secured Claims of Tex. Workforce Commission | | | | | | | | | | | | |
| 2M 5   Allowed Secured Claims of Georgia Dept of Revenue | | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 |
| Disputed   2M 6   Allowed Secured Claims of Arlington County (VA) Treasurer | | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 |
| 2M 7   Allowed Secured Claims of Pragmatic Financial, LLC | | | | | | | | | | | | |
| Disputed   2M 8   Allowed Secured Claims of Fox Capital Group, LLC | | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 |
| 2M 9   Allowed Secured Claims of Western Equipment Finance, Inc. | | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 |
| 2M 10   Allowed Secured Claims of VW Credit, Inc. | | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 |
| 2M 11   Allowed Secured Claims of Automated Data Processing Technicians, Inc. | | | | | | | | | | | | |
| Disputed   2M 12   Allowed Secured Claims of Creative Capital Funding | | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 |
| 2M 12A   Allowed Secured Claim of U.S. Small Business Administration | | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| 2M 13   Allowed Gen'l Un-secured Claims | | | | | | | | | | | | |
| 2M 14   Equity Interests | | | | | | | | | | | | |
| | **TOTAL PLAN PAYMENTS** | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 |
| **NET INCOME** | | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 |
| **CUMULATIVE INCOME** | | -4,467,521.27 | -4,494,708.43 | -4,521,895.58 | -4,549,082.74 | -4,576,269.89 | -4,603,457.05 | -4,630,644.20 | -4,657,831.36 | -4,685,018.52 | -4,712,205.67 | -4,739,392.83 |

| | | Month 67 | Month 68 | Month 69 | Month 70 | Month 71 | Month 72 | Month 73 | Month 74 | Month 75 | Month 76 | Month 77 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | **NET INCOME** | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL EXPENSES** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS**   Class | | | | | | | | | | | | |
| -   Priority Tax Claims | | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| MARTIN 1   Allowed Secured Claims of IRS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed   MARTIN 2   Allowed Secured Claims of Tarrant County | | | | | | | | | | | | |
| MARTIN 3   Allowed Secured Claims of Pragmatic Financial, LLC | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed   MARTIN 4   Allowed Secured Claims of Republic Finance, Inc. | | | | | | | | | | | | |
| MARTIN 5   Allowed Secured Claims of VW Credit, Inc. dba Audi Financial   Allowed Secured Claims of PHH Mortgage dba of Wells Fargo Bank, NA, | | | | | | | | | | | | |
| MARTIN 6   Trustee | | | | | | | | | | | | |
| MARTIN 7   Allowed Secured Claims of Texas Trust Credit Union | | | | | | | | | | | | |
| MARTIN 8   Allowed Secured Claims of Western Equipment Finance, Inc. | | | | | | | | | | | | |
| MARTIN 9   Allowed Gen'l Un-secured Claims | | | | | | | | | | | | |
| MARTIN 10   Ownership Interests in Assets | | | | | | | | | | | | |
| | **TOTAL PLAN PAYMENTS** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **CUMULATIVE INCOME** | | 484,468.77 | 499,468.77 | 514,468.77 | 529,468.77 | 544,468.77 | 559,468.77 | 574,468.77 | 589,468.77 | 604,468.77 | 619,468.77 | 634,468.77 |

**CHAPTER 11 DEBTOR PROJECTIONS**

**2M Research Services, LLC and Marcus E. Martin**

**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | Class | | Month 78 | Month 79 | Month 80 | Month 81 | Month 82 | Month 83 | Month 84 | Month 85 | Month 86 | Month 87 | Month 88 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (2M) | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | **NET INCOME** | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | | **TOTAL EXPENSES** | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | | | |
| | - | Professional Fee Admin Claims | | | | | | | | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | | | | | | | | | | | |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | | | | | | | | | | | |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | | | | | | | | | | | |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | 4,101.10 | | | | |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | 194.07 | | | | |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | | | | | | | | | | | |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | 1,575.44 | | | | |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | 5,253.13 | | | | |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | 1,426.37 | | | | |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | | | | | | | | | | | |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | 2,402.76 | | | | |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | | | | | | | | | | | |
| | 2M 14 | Equity Interests | | | | | | | | | | | |
| | | **TOTAL PLAN PAYMENTS** | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 137,187.16 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 |
| **NET INCOME** | | | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -27,187.16 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 |
| **CUMULATIVE INCOME** | | | -4,766,579.98 | -4,793,767.14 | -4,820,954.29 | -4,848,141.45 | -4,875,328.60 | -4,902,515.76 | -4,929,702.91 | -4,941,937.18 | -4,954,171.45 | -4,966,405.72 | -4,978,639.99 |

| | Class | | Month 78 | Month 79 | Month 80 | Month 81 | Month 82 | Month 83 | Month 84 | Month 85 | Month 86 | Month 87 | Month 88 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | |
| | | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | | Legal Retainer | | | | | | | | | | | |
| | | **NET INCOME** | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | | |
| | | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | **TOTAL EXPENSES** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | | | | | | | | | | | |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | | | | | | | | | | | |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial | | | | | | | | | | | |
| | | Allowed Secured Claims of PHH Mortgage dba of Wells Fargo Bank, NA, | | | | | | | | | | | |
| | MARTIN 6 | Trustee | | | | | | | | | | | |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | | | | | | | | | | | |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | | | | | | | | | | | |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | | | | | | | | | | | |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | | | |
| | | **TOTAL PLAN PAYMENTS** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **CUMULATIVE INCOME** | | | 649,468.77 | 664,468.77 | 679,468.77 | 694,468.77 | 709,468.77 | 724,468.77 | 739,468.77 | 754,468.77 | 769,468.77 | 784,468.77 | 799,468.77 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**2M Research Services, LLC and Marcus E. Martin**
**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | | Month 89 | Month 90 | Month 91 | Month 92 | Month 93 | Month 94 | Month 95 | Month 96 | Month 97 | Month 98 | Month 99 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (2M) | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | NET INCOME | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | TOTAL EXPENSES | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | | |
| | - | Professional Fee Admin Claims | | | | | | | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | | | | | | | | | | |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | | | | | | | | | | |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | | | | | | | | | | |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | | | | | | | | | | |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | | | | | | | | | | |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | | | | | | | | | | |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | | | | | | | | | | |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | | | | | | | | | | |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | | | | | | | | | | |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | | | | | | | | | | |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | | | | | | | | | | |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | | | | | | | | | | |
| | 2M 14 | Equity Interests | | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 |
| **NET INCOME** | | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 |
| **CUMULATIVE INCOME** | | -4,990,874.26 | -5,003,108.53 | -5,015,342.80 | -5,027,577.07 | -5,039,811.34 | -5,052,045.61 | -5,064,279.88 | -5,076,514.15 | -5,088,748.42 | -5,100,982.69 | -5,113,216.96 |

| | | Month 89 | Month 90 | Month 91 | Month 92 | Month 93 | Month 94 | Month 95 | Month 96 | Month 97 | Month 98 | Month 99 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | NET INCOME | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | | | | | | | | | | |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | | | | | | | | | | |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial | | | | | | | | | | |
| | | Allowed Secured Claims of PHH Mortgage dba of Wells Fargo Bank, NA, | | | | | | | | | | |
| | MARTIN 6 | Trustee | | | | | | | | | | |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | | | | | | | | | | |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | | | | | | | | | | |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | | | | | | | | | | |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **CUMULATIVE INCOME** | | 814,468.77 | 829,468.77 | 844,468.77 | 859,468.77 | 874,468.77 | 889,468.77 | 904,468.77 | 919,468.77 | 934,468.77 | 949,468.77 | 964,468.77 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**2M Research Services, LLC and Marcus E. Martin**
**Case No. 23-40271 (USBC, ND Tex.)**

8/28/2024

| | | Month 100 | Month 101 | Month 102 | Month 103 | Month 104 | Month 105 | Month 106 | Month 107 | Month 108 | Month 109 | Month 110 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (2M) | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | **NET INCOME** | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | **TOTAL EXPENSES** | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | | |
| | - | Professional Fee Admin Claims | | | | | | | | | | |
| | - Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 Allowed Secured Claims of IRS | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| | 2M 2 Allowed Secured Claims of Tarrant County | | | | | | | | | | | |
| | 2M 3 Allowed Secured Claims of Arlington TX ISD | | | | | | | | | | | |
| | 2M 4 Allowed Secured Claims of Tex. Workforce Commission | | | | | | | | | | | |
| | 2M 5 Allowed Secured Claims of Georgia Dept of Revenue | | | | | | | | | | | |
| Disputed | 2M 6 Allowed Secured Claims of Arlington County (VA) Treasurer | | | | | | | | | | | |
| | 2M 7 Allowed Secured Claims of Pragmatic Financial, LLC | | | | | | | | | | | |
| Disputed | 2M 8 Allowed Secured Claims of Fox Capital Group, LLC | | | | | | | | | | | |
| | 2M 9 Allowed Secured Claims of Western Equipment Finance, Inc. | | | | | | | | | | | |
| | 2M 10 Allowed Secured Claims of VW Credit, Inc. | | | | | | | | | | | |
| | 2M 11 Allowed Secured Claims of Automated Data Processing Technicians, Inc. | | | | | | | | | | | |
| | 2M 12 Allowed Secured Claims of Creative Capital Funding | | | | | | | | | | | |
| Disputed | 2M 12A Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 Allowed Gen'l Un-secured Claims | | | | | | | | | | | |
| | 2M 14 Equity Interests | | | | | | | | | | | |
| | **TOTAL PLAN PAYMENTS** | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 |
| **NET INCOME** | | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 |
| **CUMULATIVE INCOME** | | -5,125,451.23 | -5,137,685.50 | -5,149,919.77 | -5,162,154.04 | -5,174,388.31 | -5,186,622.58 | -5,198,856.85 | -5,211,091.12 | -5,223,325.39 | -5,235,559.66 | -5,247,793.93 |

| | | Month 100 | Month 101 | Month 102 | Month 103 | Month 104 | Month 105 | Month 106 | Month 107 | Month 108 | Month 109 | Month 110 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | Legal Retainer | | | | | | | | | | | |
| | **NET INCOME** | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | | |
| | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL EXPENSES** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | |
| | - Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 Allowed Secured Claims of Tarrant County | | | | | | | | | | | |
| | MARTIN 3 Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 Allowed Secured Claims of Republic Finance, Inc. | | | | | | | | | | | |
| | MARTIN 5 Allowed Secured Claims of VW Credit, Inc. dba Audi Financial | | | | | | | | | | | |
| | Allowed Secured Claims of PHH Mortgage dba of Wells Fargo Bank, NA, | | | | | | | | | | | |
| | MARTIN 6 Trustee | | | | | | | | | | | |
| | MARTIN 7 Allowed Secured Claims of Texas Trust Credit Union | | | | | | | | | | | |
| | MARTIN 8 Allowed Secured Claims of Western Equipment Finance, Inc. | | | | | | | | | | | |
| | MARTIN 9 Allowed Gen'l Un-secured Claims | | | | | | | | | | | |
| | MARTIN 10 Ownership Interests in Assets | | | | | | | | | | | |
| | **TOTAL PLAN PAYMENTS** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **CUMULATIVE INCOME** | | 979,468.77 | 994,468.77 | 1,009,468.77 | 1,024,468.77 | 1,039,468.77 | 1,054,468.77 | 1,069,468.77 | 1,084,468.77 | 1,099,468.77 | 1,114,468.77 | 1,129,468.77 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**2M Research Services, LLC and Marcus E. Martin**
**Case No. 23-40271 (USBC, ND Tex.)**
8/28/2024

| | | Month 111 | Month 112 | Month 113 | Month 114 | Month 115 | Month 116 | Month 117 | Month 118 | Month 119 | Month 120 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | |
| | Total Receipts (2M) | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| | Legal Retainer | | | | | | | | | | |
| | NET INCOME | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 | 475,000.00 |
| **EXPENSES** | | | | | | | | | | | |
| | Total Disbursements (2M) | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| | TOTAL EXPENSES | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 | 365,000.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | |
| | - | Allowed Administrative Expense Claims | | | | | | | | | |
| | - | Professional Fee Admin Claims | | | | | | | | | |
| | - | Priority Tax Claims | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 | 19,712.27 |
| | 2M 1 | Allowed Secured Claims of IRS | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| | 2M 2 | Allowed Secured Claims of Tarrant County | | | | | | | | | |
| | 2M 3 | Allowed Secured Claims of Arlington TX ISD | | | | | | | | | |
| | 2M 4 | Allowed Secured Claims of Tex. Workforce Commission | | | | | | | | | |
| | 2M 5 | Allowed Secured Claims of Georgia Dept of Revenue | | | | | | | | | |
| Disputed | 2M 6 | Allowed Secured Claims of Arlington County (VA) Treasurer | | | | | | | | | |
| | 2M 7 | Allowed Secured Claims of Pragmatic Financial, LLC | | | | | | | | | |
| Disputed | 2M 8 | Allowed Secured Claims of Fox Capital Group, LLC | | | | | | | | | |
| | 2M 9 | Allowed Secured Claims of Western Equipment Finance, Inc. | | | | | | | | | |
| | 2M 10 | Allowed Secured Claims of VW Credit, Inc. | | | | | | | | | |
| | 2M 11 | Allowed Secured Claims of Automated Data Processing Technicians, Inc. | | | | | | | | | |
| Disputed | 2M 12 | Allowed Secured Claims of Creative Capital Funding | | | | | | | | | |
| | 2M 12A | Allowed Secured Claim of U.S. Small Business Administration | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 | 2,522.00 |
| | 2M 13 | Allowed Gen'l Un-secured Claims | | | | | | | | | |
| | 2M 14 | Equity Interests | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 | 122,234.27 |
| **NET INCOME** | | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 | -12,234.27 |
| **CUMULATIVE INCOME** | | -5,260,028.20 | -5,272,262.47 | -5,284,496.74 | -5,296,731.01 | -5,308,965.28 | -5,321,199.55 | -5,333,433.82 | -5,345,668.09 | -5,357,902.36 | -5,370,136.63 |

| | | Month 111 | Month 112 | Month 113 | Month 114 | Month 115 | Month 116 | Month 117 | Month 118 | Month 119 | Month 120 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | |
| | Total Receipts (Martin) | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | Legal Retainer | | | | | | | | | | |
| | NET INCOME | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **EXPENSES** | | | | | | | | | | | |
| | Total Disbursements (Martin) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | |
| | - | Priority Tax Claims | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 | 3,734.31 |
| | MARTIN 1 | Allowed Secured Claims of IRS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Escrowed | MARTIN 2 | Allowed Secured Claims of Tarrant County | | | | | | | | | |
| | MARTIN 3 | Allowed Secured Claims of Pragmatic Financial, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Disputed | MARTIN 4 | Allowed Secured Claims of Republic Finance, Inc. | | | | | | | | | |
| | MARTIN 5 | Allowed Secured Claims of VW Credit, Inc. dba Audi Financial | | | | | | | | | |
| | | Allowed Secured Claims of PHH Mortgage dba of Wells Fargo Bank, NA, | | | | | | | | | |
| | MARTIN 6 | Trustee | | | | | | | | | |
| | MARTIN 7 | Allowed Secured Claims of Texas Trust Credit Union | | | | | | | | | |
| | MARTIN 8 | Allowed Secured Claims of Western Equipment Finance, Inc. | | | | | | | | | |
| | MARTIN 9 | Allowed Gen'l Un-secured Claims | | | | | | | | | |
| | MARTIN 10 | Ownership Interests in Assets | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **CUMULATIVE INCOME** | | 1,144,468.77 | 1,159,468.77 | 1,174,468.77 | 1,189,468.77 | 1,204,468.77 | 1,219,468.77 | 1,234,468.77 | 1,249,468.77 | 1,264,468.77 | 1,279,468.77 |

# EXHIBIT "2"

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 23-40271-11 |
| 2M RESEARCH SERVICES LLC | § | |
| and MARCUS E. MARTIN. | § | |
| Debtors | § | CHAPTER 11 |
| | | |
| | | (Jointly Administered) |

**STIPULATION RESOLVING TREATMENT OF CLAIM IN CHAPTER 11 PLAN**

This Stipulation is entered into by and between the Secured Creditor, WELLS FARGO BANK, N.A., AS TRUSTEE FOR HOLDERS OF IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-4 ("Creditor") by and through its authorized loan servicer, PHH Mortgage Corporation ("PHH"), and Debtor, Marcus E. Martin ("Debtor"), by and through their respective attorneys of record.

RECITALS:

A.    On October 25, 2004, the Debtor, Marcus Martin, and Eddilisa Martin ("Borrowers") executed a promissory note ("Note") secured by a deed ("Deed") encumbering the real property located at 1305 Grayhawk Dr, Mansfield, TX 76063 ("Property"). The Note reflects an endorsement. The Deed was assigned to Creditor. Subsequently, the Parties entered into several modification agreements ("Loan Modifications"). The Note, Deed, and Loan Modifications are collectively referred to as the "Loan." PHH is the servicer of the Loan on Creditor's behalf.  (*See* Claim No. 10-1).

B.    On January 30, 2023, Debtor filed the instant Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division,

and was assigned case number 23-40272 (the "Bankruptcy Case"). Debtor listed the Property as the principal residence on the Bankruptcy Case petition.

C.    On February 16, 2023, the Court entered an Order Directing Joint Administration with the Bankruptcy Case and the related case filed by 2M Research Services LLC as Case No. 23-40271 (the "Lead Case"). (Dkt No. 46).

D.    On February 28, 2023, Creditor filed a Proof of Claim ("Claim") in the Bankruptcy Case in the amount of $510,978.82, including pre-petition arrears of $85,255.44. (Claim No. 10-1).

E.    On September 18, 2023, Debtor filed a Second Amended Joint Plan of Reorganization ("Plan") in the Lead Case. (Dkt No. 188). PHH's Claim is listed as unimpaired in "Class Martin 6." The Debtor proposed to make payments to PHH pursuant to the terms of the Note with contractual payments resuming on the first day of the first month following the Effective Date. Debtor will pay any arrearages in full in 60 equal monthly installments of principal and interest at the rate of 3% per annum.

F.    As of October 31, 2023, the contractual arrears on the Subject Loan will total approximately $135,226.06 ("Arrears").

G.    The Parties hereby file this Stipulation to clarify the amount of the Arrears, payment amounts, payment dates, and other relevant terms.

THE PARTIES STIPULATE TO THE FOLLOWING TERMS

1.    Except as noted below, Creditor's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Property. Creditor's Claim shall be paid pursuant to the terms of the Note and Deed of Trust.

2.    Debtor shall make regular contractual payments to Creditor ("Contractual Payments") in the current amount of **$5,909.17** per month commencing **November 1, 2023,** and continuing on

the same day of each month thereafter until the outstanding balance owed on Creditor's Secured Claim is paid in full. The Contractual Payment includes an escrow impound for property taxes and hazard insurance. This amount is subject to change pursuant to the terms of the Subject Loan. Creditor may apply the Contractual Payments to the Subject Loan consistent with the terms of the pre-petition loan documents and applicable law.

3.       In addition to the Contractual Payments, Debtor shall make cure payments to Creditor to cure the balance of the Arrears of $135,226.06 over sixty (60) monthly installments at 0.00% interest per annum ("Cure Payments"). Cure Payments of **$2,253.77** shall commence on **November 1, 2023** and continue on the first day of each month thereafter until the Arrears are paid in full.

4.       Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Claim.

5.       The automatic stay of 11 U.S.C. § 362 shall terminate upon confirmation of the Plan. In the event the Debtor defaults on any of the above provisions after confirmation of the Plan, Creditor shall proceed with default remedies under the loan documents and pursuant to applicable state law.

6.       The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

7.       Debtor understands that the Subject Loan may reflect a default while the Cure Payments are made. However, Creditor shall not proceed with default remedies under state law during the 60-month cure period provided that the payments are timely made. Creditor shall not be required to release the loan from bankruptcy status until entry of a discharge, or the Debtor completes Cure Payments (whichever is later).

8.       The above terms allow the Debtor to make Cure Payments to Creditor during the Plan. Confirmation of the Plan shall not constitute a reinstatement of the Subject Loan as of the Effective Date of the Plan. In the event of a default, Creditor shall proceed with default remedies as described in this Stipulation. In the event Creditor has previously recorded a Notice of Default or Notice of Sale pursuant to applicable state law based on a prior default under the Subject Loan, these

documents shall remain in full force and effect in the event the Debtor defaults under this agreement. Nothing in this Stipulation shall be construed as a requirement to rescind a previously recorded notice of default or notice of sale. Nothing in this Stipulation shall be construed as a requirement to report the Subject Loan as contractually current to any third party, including credit agencies.

9.      The cure terms outlined in this Stipulation are contingent upon confirmation of the Debtor's Chapter 11 Plan. The terms of this Stipulation shall be incorporated into any Amended Plan and/or the Order of Confirmation. Debtor shall attach this Stipulation as an exhibit to any Plan or Confirmation Order.

10.     In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge (if applicable), and entry of a final decree, the terms of this Stipulation shall be void.

11.     Except as expressly provided herein, Debtor waives any and all claims, causes of action, whether known or unknown, it currently has against Creditor and its respective agents, servicers, parents, affiliates, subsidiaries, attorneys, predecessors, current or subsequent holders of the Loan, successors and assigns in relation to the Loan references herein and any and all agreements which exist between them regarding or related to the Loan prior to the date of this Stipulation. The above waiver includes any waiver of Debtor's right to object to the validity or amount of the filed Proof of Claim.

12.     Creditor shall cast a ballot accepting the Debtor's  proposed Chapter 11 Plan of Reorganization if such Plan and/or Order of Confirmation incorporates fully the terms of this Stipulation and the Debtors are in compliance with the terms of the Stipulation as of the ballot deadline.

**STIPULATED AND AGREED TO THIS___DAY OF SEPTEMBER 2023**

*AGREED:*

*/ s /*
WANDA MURRAY
ALDRIDGE PITE, LLP
*Attorney for Creditor*

_____


_____


*Attorney for Debtor*